IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. TDC-24-066 |
| ANISSA MAROOF | * |
| Defendant. | * |

*******

## ORDER

Upon consideration of the Consent Motion to Exclude Time Pursuant to the Speedy Trial Act (the "Motion"), ECF No. 26, the Court makes the following findings:

1. On February 28, 2024, a federal grand jury in the District of Maryland indicted the Defendant for seven counts of unlawful distribution and dispensing of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and one count of opening, using, and maintain a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1).

2. The Defendant had her initial appearance on March 11, 2024. The Defendant was released pre-trial on certain conditions. The Defendant was represented by the Federal Public Defender at the initial appearance.

3. Counsel for the Defendant was admitted Pro Hac Vice in the District of Maryland on March 28, 2024.

4. The Defendant had her arraignment on April 1, 2024.

5. On May 15, 2024, the Court held a status conference with the parties regarding the state of discovery and any anticipated pre-trial motions.

6. On May 15, 2024, the Court ordered the Defendant to file any pre-trial motions on or before June 28, 2024. ECF No. 24.

7. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever is later.

8. Section 3161(h)(7)(A) excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i), (ii) and (iv). The Court also considers whether failure to grant a continuance would unreasonably deny counsel for a Defendant or the Government "continuity of counsel" and/or the "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

9. In light of the foregoing, the parties submit, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B), that tolling of the Speedy Trial Clock is appropriate under the circumstances. The Government has produced four voluminous sets of discovery that including thousands of files, including dozens of videos. Defense counsel has indicated that he will file at least one pre-trial motion. Tolling is appropriate in this case so as to allow counsel for the Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

10. The Defendant, by and through her counsel, consents to this Motion.

11. For the reasons stated in the Motion, incorporated by reference herein, that the ends of justice will be served best by tolling the Speedy Trial Act clock, and such action outweighs the best interest of the public and the Defendant, who consents to the Motion, in a speedy trial.

**WHEREFORE**, it is this 24th day of May, 2024, **ORDERED** that the Consent Motion to Exclude Time Pursuant to the Speedy Trial Act is **GRANTED**; and it is further **ORDERED** that the Speedy Trial Clock is **TOLLED June 3, 2024**, through and including **June 28, 2024**.

THEODORE D. CHUANG
United States District Judge