IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

   v.

ANISSA MAROOF,

   Defendant.

Criminal No. TDC-24-066

**SUR-REPLY OF THE UNITED STATES IN OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [ECF NO. 48]**

The Court should find that the Defendant voluntarily made statements to law enforcement. Voluntariness is predicated on the Fifth Amendment which guarantees that "no person . . . shall be compelled in any criminal case to be a witness against himself . . . without due process of law." U.S. Const. amend. V. "A statement is involuntary under the Fifth Amendment only if it is 'involuntary' within the meaning of the Due Process Clause. The test for determining whether a statement is voluntary under the Due Process Clause 'is whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" *United States v. Braxton*, 112 F.3d 777, 780 (4th Cir. 1997) (en banc) (quoting *Hutto v. Ross*, 429 U.S. 28, 30 (1976)). A statement may be voluntary even if law enforcement engages in "threats, violence, implied promises, improper influence, or other coercive police activity." *Braxton*, 112 F.3d at 780. A statement is involuntary only if the defendant's will is overborne or his capacity for self-determination is critically impaired. *Id.*

Here, the Defendant has not shown that law enforcement "threatened [her], made any promises, or exerted any improper influence to extract [her] statement." *United States v. Escamilla*, 2012 WL 523639, at *5 (D. Md. Feb. 15, 2012). Nor has she shown that law

enforcement overbore her will or any lack of self-determination. The Government anticipates that testimony at the hearing will establish that law enforcement never physically restrained her or put her in handcuffs. *See United States v. Rich*, Crim. No. 21-0432-BAH, 2024 WL 2384527, at *6 (D. Md. May 23, 2024) (finding that a handcuffed defendant's statement was nonetheless voluntary). Law enforcement asked her if she wanted to get dressed and she chose not to, which shows that her will was not overborne. Law enforcement truthfully told her the subjects that they wanted to interview her on and asked her if they could tape the interview. When she said that she did not want them to tape the interview, they did not, which further shows that her will was not overborne and that she exercised her self-determination. Law enforcement interviewed her promptly and for approximately an hour inside her home. That place and length do not suggest that law enforcement extracted any confession from her. *Cf. United States v. Williams*, 258 F. Supp. 3d 633, 639 (D. Md. 2017) (finding a statement involuntary where a defendant was isolated in confinement for approximately 16 hours before his two-hour interview).

      The Defendant argues that her statements were involuntary because when law enforcement started the execution of the warrant, certain officers had their guns unholstered. ECF No. 64 at 1. She does not claim that officers had guns unholstered during the interview. The Government anticipates that the witnesses will testify that law enforcement routinely carries weapons when executing search warrants and unholsters them initially until the area to be searched is cleared. Thus, a rule that a defendant's statement must be *per se* suppressed if law enforcement is carrying firearms would result in the suppression of essentially all statements made during search warrant executions—and has no basis in Due Process or other law. The Defendant cites no case for her proposition and the Government is aware of none.

## CONCLUSION

The Court should deny the Defendant's motion to suppress statements made to law enforcement during the execution of the residential search warrant.  *See* ECF No. 48.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:  /s/_____
　　　Christopher Sarma
　　　Elizabeth Wright
　　　Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2024, I caused the foregoing to be electronically filed through this Court's CM/ECF system, which will send notification of such filing to all parties.

/s/
Christopher Sarma
Assistant United States Attorney